INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
v. L. O. BIBOLET.

Decided June 1, 1900.

**1. Leading Question.**

Questions by a party to his own witness as to the effects of an injury producing a concussion of the brain, asking if certain results, stating them, would not ensue therefrom, are leading.

**2. Same—Immaterial Error.**

In an action for damages for negligent personal injury, the allowance of leading questions the answers to which tended only to show the duration of plaintiff's injuries, is not reversible error where no complaint is made of the verdict as being excessive in amount.

**3. Pleading and Charge—Negligence—Care of Railway Track.**

In an action for personal injuries to plaintiff while a passenger on defendant's train, plaintiff's petition alleged, as to negligence, only that defendant's servants negligently ran the train against a car standing on a siding, causing the collision in and by which plaintiff was injured. The train ran onto the siding because of a switch being left open, and the court charged the jury that the failure of any employe charged with the management of defendant's trains or the care of its tracks to exercise the requisite high degree of care was negligence on the part of defendant. Held, that the charge was not objectionable on the ground that the "care of the track" was not raised by either the pleading or evidence, since that expression, under the pleadings and evidence, could have been understood to mean only the care of the track as to the switch being kept in proper position. PLEASANTS, Associate Justice, dissenting.

**4. Pleading and Proof—Injury to Person.**

Where, in an action for personal injuries resulting from a collision of cars, plaintiff's petition alleged that by the collision he was knocked down, his head wounded and cut, his teeth injured and one of them knocked out, his head and body battered and bruised, and his spine, chest and lungs and nervous system shocked and injured, and proof of injury to plaintiff's arm had been admitted on the trial without objection, it was not error for the charge to submit, as one of the elements of damage in the case, any injury to any part of plaintiff's person.

APPEAL from Anderson. Tried below before Hon. A. D. LIPSCOMB.

*G. H. Gould* and *W. D. Teagarden,* for appellant.

*John Young Gooch* and *Cameron McKay,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for damages for personal injuries. In the court below appellee recovered a judgment for $1900. The facts show that appellee was a passenger (mail messenger) upon one of appellant's passenger trains on the 10th day of Sep-

tember, 1899; that when said train reached Grand Lake siding on appellant's road, at about 3:35 a. m. on said 10th day of September, it ran in on the siding because of the switch being open or set for the siding, and collided with cars standing near the north end of said siding, and in said collision appellee was injured. The switch was not left open by any of the employes of appellant who were operating the train on which appellee was riding, nor is there any evidence tending to show that any employe of the appellant who was present at the time and place of the accident had anything to do with said switch, or knew or had any reason to believe that same was not properly set. If the switch had been properly set the accident would not have occurred.

As a result of the collision appellee's head and face were cut and bruised, one of his teeth was knocked out, his body was bruised and his arm was injured, and on account of the injury to his arm he lost seven days' time. His brain and nervous system were injured, and he suffered and still suffers mental and physical pain as a result of said injuries, and there is evidence going to show that the injury to his brain and nervous system will continue to develop and grow worse. He has kept the position he had at the time of the injury, and is earning the same salary, and is able to perform his work in a satisfactory manner.

The only allegation of negligence in the petition is as follows: "That without plaintiff's fault or negligence the said defendant and its servants negligently run said passenger train, on which plaintiff was traveling, against and into a car on the track of said railroad at a place on said railroad called Grand Lake, which is in said Montgomery County, and caused a violent collision between said passenger train and said car, and by said negligence and collision did seriously and permanently injure plaintiff, to his great damage." The injuries received by appellee are alleged as follows: "That by said negligent collision plaintiff was thrown against parts of the car in which he was riding, and he was knocked down and his head was wounded and cut, his teeth were injured and one of them was knocked out, and his head and body were battered and bruised, his spine, chest, and lungs and nervous system were shocked and injured; and thereby defendant inflicted on plaintiff physical pain and mental distress and anxiety and disfigured his mouth and teeth, face and nose, and decreased his capacity to earn money, and increased his medical expenses, and temporarily and permanently injured his eyes, his health, and his strength, and shortened his life."

Appellant's first and second assignments of error are as follows:

"1. The court erred in permitting plaintiff, over defendant's objection, to ask plaintiff's witness, Dr. A. L. Hathcock, the following question: 'The brain is one of the nervous centers. If a blow is received on the head, from which concussion occurs at the time, and he recovers from that, is it not a fact that where there is concussion of the brain that ordinarily the party recovers after a certain length of time, and for maybe two months feels almost as well as he did before, and then it comes on him again and develops?' To which question and answer

thereto, whatever it might be, defendant objected, because it did not state the case made by the facts, because there was no such evidence before the jury, and was irrelevant, and because it was leading. The court overruled the objections and the witness was permitted to answer as follows: 'Yes, sir, that is the history of this case, I believe. If that is the result and it comes on that way, and a party has a tingling sensation in the limbs, it may be considered as an indication of concussion of the brain, with a reservation that it may be due to something else. That is not a symptom of progressive paralysis—it is continuous paralysis, but is not a symptom of it. It may or not be.'

"2. The court erred in permitting plaintiff, over defendant's objections, to ask plaintiff's witness, Dr. A. L. Hathcock, the following question: 'If any one is suffering from concussion of the brain or injury to the brain, is it not a fact that upon excitement or work the symptoms are more marked than if he had been at rest and quiet?' Defendant objected to said question, because it was leading, and the court overruled the objection, and over defendant's objection the witness was permitted to answer as follows: 'Yes, sir; I would expect the symptoms to be worse after mental excitement or work.' "

We think the questions set out in these assignments are clearly leading, and appellant's objection thereto should have been sustained. Each of these questions may be answered "yes" or "no," and the questions themselves suggest the answers. Bridge Co. v. Cartrett, 75 Texas, 628. As the answers to these questions only tend to show the duration of appellee's injuries, and in view of the fact that there is no question raised in this case as to the amount of the verdict, it not being contended that it is at all excessive, we would not reverse the case because of the error in overruling the objections to said questions and the answers thereto, but on another trial such questions should not be allowed.

The third assignment of error is as follows: "The court erred in its charge to the jury in this: In giving that part of the charge containing the following language, to wit: 'And a failure of any employe of such railroad company charged with the running of its trains, or the care of its tracks, to exercise that high degree of care is negligence on the part of the company.' This is erroneous, because it submits to the jury the issue of whether or not the defendant was negligent with respect to the care of its tracks; an issue which was not raised either by the pleadings or the evidence, and said charge is wholly without pleadings or facts to authorize it, and must have misled and confused the jury to defendant's prejudice."

The writer is of the opinion that this assignment should be sustained. Given every reasonable intendment, the allegation of negligence in appellee's petition would only include the negligence of appellant's employes operating the train at the time appellee was injured, and possibly the negligence of any employe who was present at the time of said accident and whose duty it was to have attended to the throwing or setting of said switch, but it would not include any negligence of defendant

company in failing to properly care for its track, nor would it include any negligence on the part of any of defendant's employes not connected with the running of the train on which appellee was injured, and which did not occur at the time of the accident. It is unnecessary to cite authorities on the proposition that the charge of the court should be confined to the issues made by the pleadings, and that it is error to charge upon issues not raised by the pleadings. Appellee contends that the petition having alleged that the injury was caused by a collision, it was competent under such allegation to admit proof of any character of negligence on the part of appellant or its employes which was the proximate cause of the collision, and that any character of such negligence became an issue under such allegation, and in support of this contention cites the cases of Railway v. Wilson, 79 Texas, 371, 15 Southwestern Reporter, 280, and Railway v. Brown, 16 Texas Civil Appeals, 93. Neither of these cases sustain appellee's contention. In the Wilson case the allegation of the petition was that the car in which plaintiff was riding was derailed through the negligence of the railway company and its servants, whereby the plaintiff was injured. The Supreme Court held, citing Railway v. Smith, 74 Texas, 276, that this was a sufficient allegation of negligence, and that the trial court properly overruled an exception to the petition on the ground that it did not state the particular acts of negligence which caused the derailment. In the Brown case the injury was caused by the collision of two trains, and the petition alleged negligence on the part of the employes operating both trains, and also contained a general allegation that the defendant's servants and employes were guilty of negligence without which said collision would not have occurred. Under this general allegation the court held that any negligence of the defendant or its employes which caused the injury as alleged might be considered by the jury. If, in the case at bar, the petition had alleged generally that the collision was caused by the negligence of the defendant or its employes, the charge in question might have been proper, but appellee having limited his allegation of negligence to the running of the train and to the time of the accident, no other issue of negligence should have been submitted to the jury. The majority of the court do not fully concur in the views above expressed upon this assignment, but agree that the expression "care of its tracks" contained in the charge was misleading, and raises an issue of negligence not sustained by the pleadings nor the evidence in the case.

The portion of the charge complained of in the fourth assignment of error is also objectionable upon the ground that it raises an issue not made by the pleadings, in that it authorizes the jury to inquire as to whether or not the defendant had discharged its duty in reference to the care of its tracks and switches.

The trial court also erred in instructing the jury that in determining the amount of damages to which plaintiff was entitled they might look to any injury to any part of his person. The petition having specifically alleged the injuries received by appellee, the jury should have been con-

fined in their estimate of the damages to the injuries so alleged. This instruction was especially harmful, because under it the jury were authorized to consider the injuries to appellee's arm, which injuries were not alleged in the petition, and are shown by the evidence to have been the cause of the seven days' loss of time, and was most probably one of the items of damages which composed the amount found by the jury.

If any errors are shown in the remaining assignments contained in appellant's brief they are not such as are likely to occur upon another trial, and we deem it unnecessary to discuss said assignments.

Because of the errors in the charge, the judgment of the court below should be reversed and the cause remanded for a new trial, and it is so ordered.

### ON MOTION FOR REHEARING.

Upon a reconsideration of the questions presented in appellee's motion for a rehearing, a majority of the court are of opinion that the expression "care of its tracks," as used in the trial court's charge, can only be reasonably construed, under the allegations of the petition and the facts in this case, to mean care of the track as to the switch being kept in proper position, and that the jury could not have been reasonably misled by the use of said expression. The court is further of the opinion that, in the absence of a special exception, the allegation in the petition that the appellee's "body was bruised and battered" was sufficient to admit proof of injury to his arm, and such proof having been admitted without objection, it was not error for the court to submit to the jury as one of the elements of damage in the case, any injury to any part of appellee's person. Appellant's assignments which are not discussed in our former opinion in this case have been fully considered, and we think none of them point out any reversible error, and deem it unnecessary to further notice them. We find that the evidence is sufficient to sustain the verdict of the jury that appellee was injured through the negligence of appellant; and in accordance with the views of the majority of the court the motion for rehearing will be granted and the judgment of the court below be in all things affirmed, and it is so ordered. The writer does not concur in this opinion, and adheres to the views expressed in the former opinion in this case.

*Motion granted.   Judgment affirmed.*

Writ of error refused.