HOUSTON ELECTRIC COMPANY v. ANNA McDADE.

Decided February 11, 1904.

**1.—Personal Injury—Allegation.**

A general allegation in a petition that plaintiff was injured internally was sufficient to admit proof of injury to the womb in the absence of a special exception to the petition requiring her to set out more definitely her injuries. International & G. N. Ry. Co. v. Beasley, 9 Texas Civ. App., 569, distinguished.

**2.—Same—Expert Testimony—Life Expectancy.**

Testimony of a witness, who had qualified as an expert, that, unless plaintiff underwent an operation which, in his opinion, would be very dangerous, her injuries would probably shorten her life expectancy one-half, is not open to the objection that it was a mere conclusion of the witness.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Baker & Lovett,* for appellant.

*Chas. O. Guynes, Edgar Watkins,* and *Frank C. Jones,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages for personal injuries alleged to have been caused by the negligence of the employes of appellant in the operation of one of appellant's street cars in the City of Houston. The injuries complained of as the result of defendant's negligence are alleged in the petition as follows:

"That plaintiff was thrown with great force and violence to the ground, thereby seriously injuring and wrenching plaintiff's spine, dislocating her right shoulder, and bruising and injuring her right arm, injuring her right hip and right leg, and, in fact, greatly injuring and wounding plaintiff's entire body, and injuring plaintiff internally. That because and in consequence of said injuries, sustained as aforesaid, plaintiff has ever since said day suffered intense bodily pain and mental anguish, and because of said injuries plaintiff has ever since said day been, and is now, totally incapacitated to attend to any of her work, or to do and perform any kind of labor. That plaintiff will not recover from said wounds and injuries. That she is permanently injured. * * * That on account of said injuries plaintiff will never again be able to do any work or to earn any money. * * * That since said injuries plaintiff has suffered intense physical pain and mental anguish as a result thereof, and will continue to suffer intense physical pain and mental anguish so long as she lives."

The prayer of the petition is for the recovery of damages in the sum of $5465. The defendant answered by general demurrer, general denial and a plea of contributory negligence on the part of plaintiff in leaving the car while same was in motion.

The trial in the court below resulted in a verdict and judgment in favor of plaintiff for $925. The sufficiency of the evidence to sustain the verdict is not questioned by the appellant. The only issues presented on this appeal are: First, the admissibility under the allegation of the petition of evidence introduced by plaintiff showing that the most serious and only permanent injury inflicted upon her by the alleged neg--ligent act of the appellant was the displacement of her womb; second, the admissibility of the testimony of a physician who testified for plaintiff that the injury to plaintiff's womb would, in his opinion, reduce her life expectancy one-half. Defendant in the court below objected to all of the testimony introduced by plaintiff showing injury to plaintiff's womb, on the ground that "there was no allegation in the petition of such injury, and because plaintiff's petition contained specific allegations of injuries to certain portions of the body, and did not contain any specified allegations of injury to the womb."

We think the ruling of the trial court in refusing to sustain these objections to the testimony was correct. The allegation of the petition that plaintiff was injured internally was sufficient to admit proof of injury to her womb, or to any other of her internal organs. While no proof of that fact was necessary the evidence shows that the womb is an internal organ of the human body and that the displacement of the womb is an internal injury. If appellant desired to be more fully informed by the petition as to what internal injuries she claimed to have received it should have addressed a special exception to the petition and required plaintiff to set out the injuries complained of more definitely, and having failed to do this it ought not to complain of evidence which establishes the general allegation of the petition that plaintiff was injured internally. Missouri K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171, 45 S. W. Rep., 406; Ry. Co. v. McMannewitz, 70 Texas, 73; International & G. N. Ry. Co. v. Bibolet, 24 Texas Civ. App., 4, 57 S. W. Rep., 974; St. Louis S. W. Ry. Co. v. Kelton, 28 Texas Civ. App., 137, 66 S. W. Rep., 887; Missouri K. & T. Ry. Co. v. Mayfield, 29 Texas Civ. App., 477, 68 S. W. Rep., 812; Missouri K. & T. Ry. Co. v. Hawk, 30 Texas Civ. App., 142, 69 S. W. Rep., 1039; Sherman S. & G. Ry. Co. v. Bell, 58 S. W. Rep., 147; Gulf C. & S. F. Ry. Co. v. Preston, 74 Texas, 183; Powers v. Caldwell, 25 Texas, 352; Gulf C. & S. F. Ry. Co. v. Pendry, 14 Texas Civ. App., 60, 36 S. W. Rep., 794.

The case of International & G. N. Ry. Co. v. Beasley, 9 Texas Civ. App., 569, 29 S. W. Rep., 1121, is cited by appellant as sustaining its contention that the evidence complained of ought not to have been admitted. The allegations in that case were as follows:

"The plaintiff sustained great and permanent harm, injury and hurt; that by reason of such carelessness and recklessness, said piano was caused to fall upon plaintiff, crushing him to the floor, inflicting upon him serious and permanent injuries, breaking his leg and thigh, and in-

juring his spine, besides crushing his arms, head and body, and that he was rendered a cripple for life."

These allegations were held to be insufficient to admit proof that plaintiff's foot was broken and that this was his most serious injury. We think the case cited is distinguishable from the present case. In the former the specific allegations that plaintiff's leg and thigh were broken, his spine injured and his arms, head and body crushed would very naturally and reasonably lead the defendant to believe that the general allegation of harm and injury were pleaded as the result of the injury to those parts of the body especially mentioned, and he could not reasonably anticipate under said allegation that plaintiff was claiming any injury to his foot. Under this construction of the pleadings evidence of injury to plaintiff's foot was clearly inadmissible, and if admitted without objection, there being no pleading to support a judgment for said injury, such judgment could not be sustained. It is further to be observed that in the Beasley case a special demurrer to the petition on the ground that the allegations of injury were not sufficiently specific could not have been sustained. In the case we are considering the allegations of the petition inform the defendant that the plaintiff claims damages for mental and physical pain and suffering and for incapacity to work and earn money caused by injury to specific external parts of her body and also injuries to her internal organism. It is clear that a special exception to the allegation of internal injuries would have required plaintiff to state more definitely what were the internal injuries claimed to have been received by her; and we think it equally clear that the allegation unexcepted to was sufficient to admit proof of injury to her womb. We think none of the cases cited by appellant sustains its contention.

The cases of Campbell v. Cook, 86 Texas, 632; Missouri K. & T. Ry. Co. v. Cook, 8 Texas Civ. App., 384, and International & G. N. Ry. Co. v. Thompson, 37 S. W. Rep., 24, announce the well settled doctrine that a general allegation of damages will only let in evidence of such damages as naturally and necessarily result from the injuries complained of, and to admit proof of special damages such damages must be pleaded. The inquiry in those cases was whether the indirect or consequential injuries proven were the natural and necessary result of the direct injuries alleged, and not, as in this case, whether the allegations of the petition as to the parts of plaintiff's body which were injured were sufficient to admit proof of a direct injury to a part of her body not specifically alleged to have been injured.

Appellant's objection to the testimony of Dr. Short to the effect that the injury to plaintiff would probably shorten her life expectancy by one-half was properly overruled. The objection to this testimony was that it was a mere conclusion of the witness. The witness was testifying as an expert, and in giving his opinion as to the character and extent of plaintiff's injuries he stated that in his opinion unless an operation,

which he considered very dangerous, was performed plaintiff's injury would shorten her life expectancy one-half. The objection that this evidence was only the conclusion of the witness is not tenable as against expert testimony. It may be that the testimony was immaterial but that objection was not made to its introduction. We are of the opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.