## MISSOURI, K. & T. RY. CO. OF TEXAS v. ROBESON. (No. 801.)†

(Court of Civil Appeals of Texas. Amarillo. June 5, 1915. Rehearing Denied July 3, 1915.)

1. MASTER AND SERVANT ⬥265—ACTION FOR INJURY—BURDEN OF PROOF—NEGLIGENCE.

In a servant's action for injury, negligence must be shown by affirmative proof, and it must further appear that such negligence was the proximate cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ⬥265.]

2. MASTER AND SERVANT ⬥276—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

Evidence, in a section foreman's action for injury by being thrown from and in front of a hand car when defendant's section hands negligently checked or slowed up the car without warning, *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. ⬥276.]

3. MASTER AND SERVANT ⬥217 — MASTER'S LIABILITY—ASSUMPTION OF RISK—SECTION FOREMAN.

The fact that plaintiff, a section foreman, knew that hand cars were sometimes accidentally checked or slowed up, was not ground for holding that he assumed the risk of being

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

thrown from and in front of his hand car by the negligence of defendant's section hands.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. ☞ 217.]

Appeal from District Court, Cooke County; C. F. Spencer, Judge.

Action by A. G. Robeson against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Chas. C. Huff, of Dallas, and Garnett & Garnett, of Gainesville, for appellant. Stuart, Bell & Moore, of Gainesville, for appellee.

HALL, J. Appellee, who had been in appellant's employ for many years, was section foreman in charge of the Whitesboro section, on appellant's line of road, including the yards and all the tracks at that station. On May 27, 1913, while on a hand car, in charge of five Mexicans, as section hands, returning from work, and while the car was being propelled by the section hands, at or near a road crossing in Whitesboro, appellee fell from the car and was injured. He alleges, in substance, that appellant's agents and servants negligently caused said car to check or slow up suddenly without any warning to him, thereby causing him to be thrown in front of said car while moving on the track, and before said car could be stopped it ran onto and over appellee, causing his injuries.

Appellant's answer denies the acts of negligence, and pleaded, in substance, that at the time of appellee's injury he was engaged with defendant in interstate commerce, and that his injuries, if any, were caused by one of the ordinary dangers and risks incident to his employment; that as section foreman he had charge of all the tracks at Whitesboro, and it was his duty to keep them in repair; that while riding on the hand car it was also his duty to inspect the track ahead and see that it was clear of all obstructions; that upon the occasion in question some one, without appellant's knowledge or consent, had deposited some cinders on appellant's track at the place of the accident; and that appellee negligently caused and permitted said hand car to be run on said cinders, thereby jostling and throwing him from the car, causing his injuries.

Appellant requested the court to direct a verdict because of the insufficiency of the evidence to show negligence on the part of defendant or its employés. Appellee testified, among other things, that he was an experienced section man and qualified as an expert to testify as to the operation of a hand car and its movements; that he had been section foreman, engaged in track work for the last 20 years, and knew what his duties were; that he could tell whether the injury was caused from the car running over some obstruction on the track or whether it was caused by the stopping of the car by the men on it; that, in running over dirt or any obstruction on the track, the car quivers, and, if it is dirt or cinders, it would check the car, but not so suddenly; that the stop in this case was just a check, and then the car went right on; that a hand car can be checked that way by a brake, by one of the section hands happening to throw his foot on the brake suddenly in some way, or by one of the hands who is pumping the car dropping his weight on the lever and holding it down, or by pumping with stiff arms; that he had seen section men accidentally step on brakes and check cars in that way several times, and had seen men thrown off the car in that way. Holding down on the levers too long or pumping with stiff arms checks the speed of cars in a manner that he had noticed all the way along through his railroading. His explanation of how the accident occurred is as follows:

"At the time I claim to have been injured, the car checked, and it throwed me in front of it and rolled me up under it. The Mexicans were handling the car at the time. I don't know who did stop the car. There was nothing on the track that I seen, and I had been looking forward on the track. I did not see anything on the track. I had been over the track and inspected it. Yes, as I was going towards the crossing I was looking at the track. I did not see anything on it. Yes, the Mexicans were pumping the hand car. The car kind o' checked, and then I went right off. I believe I could tell you whether it was caused from the car running over some obstruction on the track, or whether it was caused by the stopping of the car or by the men that were on the car, or by their putting their feet on the brake. A car can be checked that way by a brake by a man happening to throw his foot on the brake suddenly some way or happening to drop his weight on the lever and hold down on it, it will check a car too. Yes, if somebody was not tending to his business and dropped his weight down on the lever it would check it. The brake is in between the levers. I think the accident was by reason of one of the men accidentally stepping on the brake or some men holding down a little too long; that is my judgment. Now, I don't know whether any one stepped on the brake or not, but from the check of the car it felt like that, or some one holding down the lever. There were five Mexicans pumping the car at the time of the accident."

The appellee is corroborated by other witnesses in his statement that there were no cinders on the track at the place of the accident, and the evidence is uncontroverted that the track was unobstructed. Appellee further testified that he did not do anything to cause the car to slow up; that it was his duty to give directions by signal when the car should be stopped or slowed up.

[1, 2] It is contended by appellant, under this assignment, that because appellee was not able to tell whether the checking of the car, which caused him, in his standing position in front of the levers, to fall forward, was the result of some one of the crew stepping upon the brake or stopping the action of the lever, appellee failed to establish neg-

ligence. It is true that negligence must be shown by affirmative proof, and it must further appear that such negligence was the proximate cause of the injury. It is clear that the car was not checked in its progress by cinders or other obstruction. Appellee having testified as an expert that it could have been checked only by throwing on the brake or stopping the operation of the levers, and the evidence failing to suggest any other method in which the car could have been checked, in our opinion this assignment must be overruled. Railway Co. v. Davis, 161 S. W. 934, and Railway Co. v. Greenwood, 40 Tex. Civ. App. 252, 89 S. W. 812, are not in point. In both of the cases cited, the injuries might have occurred from causes not in any way attributable to the negligence of the railway company. In the instant case, the jury could have found that there was negligence on the part of appellant's employés whether the car was checked by means of the brake or holding down the levers. Appellee alone had the right to signal the car to stop, and the fact that none of the section hands testified in an effort to show any other reason why the car stopped is, we think, sufficient to sustain the verdict. G., H. & S. A. Ry. Co. v. Sanders (Civ. App.) 65 S. W. 889; H. E. & W. T. Ry. Co. v. Boone (Civ. App.) 131 S. W. 616; Id., 105 Tex. 188, 146 S. W. 533; Railway Co. v. Kime, 21 Tex. Civ. App. 271, 51 S. W. 558; Id., 94 Tex. 649, 54 S. W. 240.

[3] Under the third assignment, it is urged that at the time of the injury appellee was engaged in interstate commerce. The evidence does not sustain this contention. Nor do we agree with appellant that, because appellee knew that in the operation of hand cars they are sometimes accidentally and unintentionally checked or slowed up, he assumed the risk. The effect of the jury's finding is that the hand car was checked by the negligence of one or more of the section hands, and the fact that appellee knew that cars may have been previously so stopped or checked is not ground for holding that he assumed the risk of the negligence of appellant's servants on this occasion. Railway Co. v. McDowell (Civ. App.) 73 S. W. 974; Railway Co. v. Kelton, 28 Tex. Civ. App. 137, 66 S. W. 887; Railway Co. v. Waller, 27 Tex. Civ. App. 44, 65 S. W. 210; Railway Co. v. Kime, 21 Tex. Civ. App. 271, 51 S. W. 558; Id., 94 Tex. 649, 54 S. W. 240.

What has heretofore been said disposes of the fifth assignment, and, believing that the evidence is sufficient to sustain the verdict, the judgment is affirmed.