## YOAKUM MILL & ELEVATOR CO. v. BYARS. (No. 8491.)

(Court of Civil Appeals of Texas. Galveston. April 3, 1924. Rehearing Denied May 1, 1924.)

1. **Judgment** ⟜243—Judgment limited to corporation alone where only it was sued.

Where a corporation alone was sued, a judgment against its "officers, agents, representatives and legal assigns" was improper, since it should have been limited to corporation alone.

2. **Damages** ⟜131(1)—Award of $400 held not excessive for injuries sustained in automobile accident.

Damages of $400 were not excessive for injuries sustained by plaintiff in an automobile accident, where it was two months before she could attend to all her household work and she suffered severe pains and began to bleed from piles, of which she had been previously practically cured.

3. **Highways** ⟜184(2)—Evidence held to show collision due to negligence and not intention from personal resentment.

Evidence that defendant struck plaintiff's automobile while attempting to pass it on the right side held to show that collision was a re-

sult of defendant's negligence and not of intention from personal resentment.

**4. Appeal and error ⚖➡1003—Appellate court cannot set finding aside if any evidence to support it.**

Appellate court cannot set a finding aside if supported by any evidence, notwithstanding that it is against the preponderance of the evidence.

**5. Appeal and error ⚖➡996 — Appellate court not authorized to discard construction placed upon testimony by jury.**

That testimony is susceptible of two constructions does not authorize appellate court to discard the one that jury places upon it.

**6. Master and servant ⚖➡302(1)—Automobile driver held in pursuit of duties.**

Where, at the time defendant's manager and agent collided with another automobile, he was on the way to a town in behalf of his employer intending on arrival to transact business there for it, *held*, that he was then in pursuance of his duties to his employer.

Appeal from District Court, Lavaca County; Lester Holt, Judge.

Action by Mrs. Cora Byars, joined pro forma by her husband, against the Yoakum Mill & Elevator Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Henry S. Paulus, of Yoakum, and Bailey & Wallace, of Cuero, for appellant.

Bagby & Ellis, of Hallettsville, for appellee.

GRAVES, J. Mrs. Cora Byars, appellee, joined pro forma by her husband, brought this suit against appellant, a corporation, for $2,500 actual and $2,500 exemplary damages for personal injuries alleged to have been sustained by her while riding in an automobile driven by her husband on the public road in Lavaca county going from Yoakum to Shiner. She alleged that her injuries resulted from the act of Frank Jamison, who at the time was the manager of appellant, and in pursuance of his duties as such, while likewise on his way from Yoakum to Shiner in another automobile, in running into and striking the car in which the plaintiff was seated. She charged that Jamison was going to Shiner to buy corn for defendant, which article was dealt in by it in the operation of its milling business, and by separate counts in her petition first averred that going in the same direction he overtook the automobile in which she was riding, and while attempting to pass it, negligently drove into and struck it, causing the injury to herself; and, second, that he willfully, maliciously, and with intent to injure herself and husband while they were lawfully driving their automobile along the public highway, "did then and there drive an au-

tomobile, which he, the said Frank Jamison, was then and there operating and driving as the agent and employee of the said defendant company, into and against the automobile in which these plaintiffs were riding with such force and violence" that their automobile was knocked off of the highway and she herself was violently thrown to the floor of it and injured. Based upon the latter of these two averments that her injuries were so inflicted willfully and maliciously by the appellant company, acting through its employee and agent, Jamison, she asked the $2,500 exemplary damages.

The cause was submitted to a jury upon special issues, but only upon the theory that the injury had resulted from the negligence of Jamison in striking the appellee's car while attempting to pass. The court, after defining the care an automobilist is required to exercise to avoid injuring others lawfully using the highway, proximate cause as that term is used in the charge, and stating the rule as to burden of proof, then propounded to the jury four questions: First, whether or not Jamison's act in driving into and striking the appellees' automobile was negligence as defined; second, if so, was the appellee injured on the occasion in question; third, if she was, then was Jamison's negligence, if any, the proximate cause of her injury; and, fourth, what amount of money, if paid then, would reasonably compensate her for the injuries so suffered. Appellant neither objected to any of these, nor requested the submission of any other issues.

The jury answered the first three questions in the affirmative, and in answering the fourth fixed the amount of damage at $400. Judgment in favor of the appellee for the sum so found followed.

The mill and elevator company appeals, contending: (1) That under the pleadings and evidence the case made for the appellee is one of willful injury intentionally inflicted upon a third person by an employee of the appellant in gratification of the employee's personal anger and resentment, not one resulting from the negligence of the employee while in the course of his service for his master, and therefore the averment that the injuries resulted from the negligence of appellant's servant is not supported by the proof, and appellant is not liable; that Jamison's act in bumping into the car occupied by the appellee was shown to have been purposely done to gratify his personal feeling, and so constituted a definite departure, for the time, from the service of his employer; (2) that the $400 awarded as damages was excessive; (3) that the trial court erred in adjudging the recovery against the "officers, agents, representatives, and legal assigns" of the appellant, as well as against it.

[1] After carefully reviewing the record,

we conclude that none of these contentions, except the last one, can be sustained. The judgment will therefore be reformed by striking out the recovery against the "officers, agents, representatives and legal assigns" of appellant, limiting it to the corporation alone, and as thus reformed, will be affirmed; the corporation alone was sued, and therefore no judgment should have been entered against others not brought in.

[2] We have taken the trouble to go into the evidence supporting the award of damages, and cannot hold that the amount was excessive; it is true that Mrs. Byars' automobile was only slightly damaged backing out from the point of collision in a few moments and continuing on to Shiner and back to Yoakum without repair, and that she herself made such journey in it. It is further true that she did not consult her physician until she got back home to Yoakum that night, but on reaching home she went to bed immediately, and her husband procured two prescriptions from her doctor and gave her the medicine all that night, she getting worse throughout the night and suffering much pain. Next morning the doctor came to see and again administered to her. She had been thrown violently to the floor of the car from the back seat to the front part of it, and shortly thereafter began to suffer severe pains in her head, back, and neck, and began to bleed from the piles, with which she had been previously afflicted, which continued steadily at that time for three days. She was sick in bed as a result of the accident for fourteen days, and it was over two months before she could attend to all of her household work. Prior to this injury she had practically gotten well of the piles, having had no attack of it for ten months; but the testimony is undisputed that it not only recurred, but was made much worse as a direct result of this accident.

It is unnecessary to further detail the evidence in this respect. or to cite authorities upon the matter, as it seems clear to us that the jury were not without warrant in fixing the amount at the comparatively small sum of $400.

[3-5] As concerns appellant's first contention, we think the correctness of the trial court's judgment, under the pleadings and evidence, depends solely upon whether or not the evidence was sufficient to support the jury's finding that the injury was the result of Jamison's negligence, and, as before intimated, we think it was. Appellant makes no assignment that this finding was so against the great weight and preponderance of the evidence as to be clearly wrong, but merely that there was no evidence to sustain it; it might, therefore, be conceded that the preponderance of the evidence was against the finding, and still this court would lack authority to set it aside, if there was enough to support it. It certainly cannot be said, we think, that the injury was undisputedly shown to have been intentionally inflicted by Jamison as the result of his personal resentment against appellee's husband for not moving over from the left-hand side of the road and allowing him to pass when he signaled for that purpose. It is true the testimony on this feature is susceptible of both constructions, but that would furnish no reason for discarding the one the jury put upon it.

Jamison said:

"I was en route to Shiner from Yoakum, and I overtook a closed car, with the curtains drawn. I followed for half a block, or possibly more, until he topped the hill and started down. I blew my horn for him to get over and let me pass. He was on the wrong side of the road, and he failed to get over. He was on the wrong side of the road, and he failed to do so. I blew again, and he failed to get over. I ran up still closer to him and blew the horn again, and some one raised the back curtain and looked out. I blew again, and still he didn't get over, and as I attempted to pass him on the right-hand side, I scraped his fender. I did not knock him out of the road to my knowledge. I was driving a Ford five-passenger car. He was driving a Ford sedan. I said to him that he had lots of nerve, and I asked him how he would like it if I would hold the road on him."

This clearly negatives any purpose to intentionally hit the other car and indicates a mere accidental and negligent striking of it in an effort to pass. The jury had a right to believe this version of the occurrence notwithstanding the testimony of the constable at Shiner that "I asked him in substance how he happened to run into Mr. Byars' car, and he said he was sore or mad because he didn't give him the road, and he ran into him for that reason," because Jamison further testified that he had no recollection of having made such a statement and reiterated that the impact occurred while "I was passing him. It is necessary for you to cross out of the road when you pass anybody," saying at the same time, in effect, that he had turned out on the right in order to pass. He also denied certain statements of Mr. and Mrs. Byars as to what occurred between the parties after reaching Shiner tending to support their testimony to the effect that his actions back on the road indicated that he ran into them purposely. On the whole, therefore, while both Mr. and Mrs. Byars testified to enough on that side of the issue for the jury to have concluded that the collision was intentional, since there was in our opinion sufficient probative force in the evidence before them to support their finding that it was merely the result of negligence, we are not at liberty to set it aside.

In the state of the record this conclusion really determines the merits of the appeal.

[6] It seems to be conceded that when the collision occurred Jamison, the manager and agent of the appellant, was on his way to Shiner in its behalf, intending on arrival there to transact business for it, and so to that extent at least was then in pursuance of his duties to it as his employer; the judgment of the trial court in this connection containing this recitation:

"It being admitted that Frank Jamison was on the occasion under investigation the manager of the defendant corporation and was then engaged in the pursuance of his duties as such on their behalf."

Further discussion is deemed unnecessary. From what has been said it follows that in our opinion the judgment should be affirmed after the elimination of the recitation above referred to; that order will be entered.

Reformed and affirmed.