# PANHANDLE & S. F. RY. CO. v. BROWN.
## No. 1304.

Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Sept. 21, 1934.

Mays & Perkins, of Sweetwater, for appellant.

Scarborough & Ely and Edmund C. Yates, all of Abilene, for appellee.

LESLIE, Justice.

Cadmus Brown instituted this suit against the Panhandle & Santa Fé Railway Company for damages alleged to have been occasioned by reason of injuries sustained by him while a passenger upon one of the company's trains. He alleged that, as the train approached Sylvester, his home, he arose from his seat for the purpose of getting his hat, preparatory to leaving the train, and that the car in which he was riding swerved with a violent jerk, thus throwing him to the floor of the car, and producing the injuries complained of. The injuries thus sustained were charged to be the result of the negligence of the defendant in maintaining its roadbed, at that time and place, in a defective and unsmooth condition.

Among other pleas, the defendant answered by general denial and a plea of contributory negligence on the part of the plaintiff. The case was submitted to the jury upon special issues which were answered favorably to plaintiff, and the defendant appeals, presenting several assignments of error which will be considered in their order.

The first six assignments relate to the testimony, its nature, sufficiency, etc. They are grouped in the appellant's brief, and, as thus presented, they will here be considered. The first is to the effect that the jury's answer to issue No. 4 is "directly contrary" to "the evidence of all disinterested witnesses." The second is that the answer to issue No. 4 "is overwhelmingly against the preponderance of the evidence." The third assignment presents that the jury's answer to issue No. 5 "is directly in conflict with the evidence of all the disinterested witnesses and is not supported by a preponderance of the evidence." The fourth, that the jury's answer to issue No. 5 "is overwhelmingly against the preponderance of the evidence." The fifth, that the finding of the jury in answer to issue No. 6 "is in direct conflict with the testimony of all disinterested witnesses and is not supported by a preponderance of the evidence"; and the sixth assignment is that the answer of the jury to issue No. 6 "is overwhelmingly against the preponderance of the evidence."

For the foregoing reasons, the appellant contends that the verdict in each respect should be set aside. We have not only read the testimony bearing upon the respective con-

tentions, as set forth in the briefs, but the testimony as a whole has been considered. The least that can be said of it is that the evidence upon the issues presented was conflicting, and that the verdict in each respect has support in the testimony.

The number of witnesses testifying on a side, whether interested or disinterested, is not necessarily controlling in determining whether or not the fact has been established by a preponderance of the evidence, and certainly the jury may receive and credit the testimony of a witness although he is contradicted by many others. 17 Tex. Jur. § 413, p. 916. Further, the mere fact that a verdict is against the preponderance of the evidence will not authorize the Court of Civil Appeals to set it aside if there is some evidence to support it. City of Abilene v. Moore (Tex. Civ. App.) 12 S.W.(2d) 604; Yoakum Mill & Elevator Co. v. Byars (Tex. Civ. App.) 262 S. W. 226; 3 Tex. Jur., § 769, p. 1097. This court is authorized to set aside a jury verdict only in a case where it is so against the preponderance of the evidence as to be clearly wrong, shown to be the result of prejudice and passion, or so against the justice of the case as to render it unconscionable. In the trial of a case before a jury, the facts proved, the credibility of the witnesses, and the weight to be given to their testimony is a field seldom invaded by an appellate court, and this is but a proper deference to the right of trial by jury. Hence, in the light of the entire testimony, and in view of the above principles, we are constrained to hold that this court would not be warranted in disregarding or setting aside the verdict of the jury under the contentions here presented. These assignments are overruled.

█ The seventh assignment complains that the court erred in submitting special issue No. 11, in that it permitted the jury to go beyond the pleadings in the case and include compensation for injuries not set up in the plaintiff's petition. The plaintiff's pleading, pertinent to the point, was as follows: "That the plaintiff's right knee struck the seat in front of him and shattered his kneecap. That his entire right leg was bruised, lacerated and injured. * * *. That all of said places where plaintiff was injured, as a result of said injuries, broke out in large sores that were on plaintiff four months. * * * That the injuries to plaintiff's * * * leg, knee * * * have rendered him unable to work and that his disability is permanent and total. * * * That he had two good legs and was a strong and healthy man, but that the injuries have impaired the use of his legs

to such an extent that he cannot carry on the work of a farmer or earth work contracts, or go about to trade. That to be able to carry on his work he needed both legs in good condition and the full use of his body and his legs. That his knee and leg are totally disabled and without two good legs he cannot carry on his work and that he is now totally and permanently incapacitated, and will never be able to work again."

Based upon this pleading and the testimony, the court submitted, among others, special issue No. 11, as follows: "What sum of money, if paid now in cash, would reasonably compensate the plaintiff for the personal injuries, if any, sustained by him at the time he fell on the defendant's train, if he did so fall?"

In this connection the court gave the usual explanations with reference to the elements of damage permissible for the jury to take into consideration in arriving at the amount of damages. However, when the issues were submitted to the attorneys for inspection and objections, the defendant excepted to said issue on the ground, "because said issue does not confine the jury in determining their answer thereto to compensation for the personal injuries alleged by him in his petition, but permits the jury to go beyond the said pleadings and include in their answer compensation for injuries which are not set up in plaintiff's petition."

We do not believe this objection meets the requirements of article 2185, R. S. 1925. It was too general, and did not specifically point out wherein the issue permitted recovery for an injury not embraced in the pleadings. The vice in the issue, as we gather from the appellant's brief, is that the jury was permitted to compensate the plaintiff for an injury to the ankle; it being the appellant's view no such injury was embraced in the pleadings. In view of the admission of the evidence of ankle injury without any objection on the part of the appellant, the objection to the issue as presented to the court merely left the trial judge to speculate wherein the issue was broader than the pleadings. The objection was not specific, constructive, or helpful, and, upon this ground, the assignment should be overruled. Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 134, 187 S. W. 184, 187; Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920; Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W. (2d) 242, 243; Abilene & So. R. Co. v. Herman (Tex. Civ. App.) 47 S.W.(2d) 915; Shaboub v. De Lacie (Tex. Civ. App.) 59 S.W.(2d) 954 (9–11); Baker Co. v. Turpin (Tex. Civ.

App.) 53 S.W.(2d) 154; Perkins v. Nevill (Tex. Com. App.) 58 S.W.(2d) 50; Texas & N. O. R. Co. v. Owens (Tex. Civ. App.) 54 S.W.(2d) 848.

■■ As above stated, the gist of the complaint urged against the issue is that the recovery of damages was permitted for an ankle injury, whereas no such injury was alleged. The plaintiff's pleadings in this particular are set out above. We are of the opinion that the testimony was admissible, under the above allegations, specially in the absence of objections thereto. The point made by appellant under this assignment is that the ankle is no part of the leg, and our attention is called to certain definitions of "leg" and "ankle," respectively, which seem to exclude the ankle as a part of the leg. For instance, we are directed to a definition by Webster of the word "ankle" as "the joint connecting the foot with the leg." We are furnished with the definition of "leg" taken from Cunningham's text-book on Anatomy, (5th Ed. 1927), as follows: "In anatomical text books the leg is limited strictly between the knee joint and the ankle joint."

If this definition is to be adopted, it is obvious that the large bone between the knee joint and the hip joint must be excluded from consideration as a part of the leg. This may be correct from the standpoint of the anatomist, but such information would doubtless be surprising to the average person familiar with the popular understanding of the term.

The authorities to which we are pointed by appellee's brief also contain some interesting information upon the point. The Encyclopedia Britannica defines "leg" as follows: "The general name for those limbs in animals which support and move the body, and in man for the *lower limbs* of the body." (Italics ours.)

The new Century Dictionary gives in substance a like definition of that member of the body, and, as to the word "ankle," that authority defines it thus: "The slender part of the leg above the foot."

In 36 C. J. p. 975, the term "leg" is discussed (in legal parlance) as follows: "A word with a well defined common meaning; a limb or member of an animal used for supporting the body and in running, climbing, and swimming; especially that part of the limb between the knee and foot. While it appears from some authorities and the common definition of 'leg' that the term does not include the foot or any of the bones of the foot, under the rule that, in construing a written contract, the words employed will be given their ordinary and popular accepted meaning, in the absence of anything to show that they were used in a different sense, it has been held that in construing or defining the word 'leg', as used in a contract to indemnify one in case he should 'accidentally break his leg or arm', its construction or definition should not be controlled by the meaning placed on it by specialists, and, construing it in its broadest sense, it has been held to *include a fracture of the heel bone.*" (Italics ours.)

So much for definitions. There are also certain rules of construction applicable to pleadings that may be helpful here. In Cohen v. Hill (Tex. Civ. App.) 286 S. W. 661, 665, where the sufficiency of the pleadings to permit the introduction of testimony of a particular injury was under consideration, the court stated the rule to be that whether specifically alleged injuries in a petition require the exclusion of evidence relating to other injuries depended upon the construction of the pleader's language rather than on the rule that the inclusion of certain injuries excluded all others. That court used this language: "As indicated by the language noted above * * * the test to be applied is a rule of construction of the language used by the pleader in order to determine what was really meant, rather than a hard and fast rule that the inclusion of certain injuries would exclude all others. It is a familiar rule that as against a general demurrer, and as against objections to proof on the ground that there is no basis therefor in the pleading, every reasonable intendment will be indulged in favor of the pleading. * * * And especially is this true when the objection is raised for the first time when evidence is offered to support the pleading."

In the instant case, however, no objection was made to the admission of the testimony, thereby indicating a construction by the litigants at the time of the sufficiency of the pleading.

In Galveston, H. & H. R. Co. v. Sloman (Tex. Civ. App.) 195 S. W. 321, the court held, as stated in the syllabus: "In determining whether a special issue is within plaintiff's pleading, all reasonable inferences from the facts alleged in the pleadings as a whole should be made in aid thereof."

In St. Louis S. W. R. Co. v. Kelton, 28 Tex. Civ. App. 137, 66 S. W. 887, 888 (writ refused), it was held in an action for damages that an averment that the plaintiff's leg was crushed and dislocated was sufficient to admit evidence of an injury to his hip. In that

case the allegations pertaining to the "leg" were about as general and profuse as those in the instant case.

The opinion in this last case cited with approval the opinion in International & G. N. Ry. Co. v. Bibolet, 24 Tex. Civ. App. 4, 57 S. W. 974, stating that in the latter case "this court held that the allegation that the appellee's 'body was bruised and battered,' in the absence of a special exception, was sufficient to admit proof of an injury to the arm, although there were allegations in the petition of specific injuries. An application for writ of error was refused by the supreme court, and we think the case decisive of the question here presented." See, also, Missouri, K. & T. R. Co. v. Mayfield, 29 Tex. Civ. App. 477, 68 S. W. 807–809 (5); Houston Elec. Co. v. McDade, 34 Tex. Civ. App. 497, 79 S. W. 100.

In the light of the definitions above given, and in view of the above authorities and the rules of construction referred to, we are of the opinion that the pleadings were sufficient to admit the testimony, and that the issue was substantially true to the allegations. To hold otherwise would be to sanction a hard and technical definition of the word "leg" more applicable to the purposes of the anatomical specialist than to a common sense pleading designed to present the issues of a lawsuit. For these reasons the assignment is believed to be without merit.

■ The eighth assignment complains that the court erred in the submission of issue No. 4, for the reason that it is multifarious, in that it submitted an issue as to whether or not the appellant's track was in a defective and unsmooth condition, and a further issue as to whether such defective condition caused the train to swerve with a violent jerk. The issue is as follows: "Do you find from a preponderance of the evidence that the defendant's railroad track at the point where the plaintiff stood up, if he did stand up, was in such defective and unsmooth condition as to cause the train to swerve with a violent jerk?"

We do not believe this issue to be multifarious. Stated differently, the question was whether or not an alleged condition of the track "caused the train to swerve with a violent jerk." Negligence was being predicated upon such alleged condition of the track at the time and place of the accident. Did that alleged condition of the track (defective and unsmooth) cause the train, at the time and place, "to swerve with a violent jerk?" The jury answered "Yes," and in doing so answered an ultimate issue as we view it. The alleged defective condition of the track was but an evidentiary matter when taken alone. The same is true of the swerving of the train. Swerving with a jerk meant nothing apart from a certain degree of defective and unsmooth condition of the track, and vice versa. The plaintiff claimed no negligence whatever other than that of a condition or degree of unsmoothness, etc., capable of producing a swerving of the train with a violent jerk. Stripped of unnecessary verbiage, such was the issue submitted and answered by the jury. No degree of unsmoothness or defectiveness in the track was material save and except that which produced in the train a swerving with a violent jerk, and the consequent fall of the plaintiff. In other words, was there in the track, at the time and place of the accident, such a degree of defectiveness or unsmoothness as to produce a violent swerving and jerking of the train? Such was the issue presented, and there appears to have been no contention that the train track, at the point of injury, was perfectly smooth or absolutely free from defect, or that the company was under any obligation to maintain such character of track at the time and place. The jury found that there was such a degree of unsmoothness, etc., as to cause the train to swerve violently, and we do not believe the issue, in the light of the record, was multifarious.

In the case of Texas Elec. Ry. Co. v. Jones (Tex. Civ. App.) 262 S. W. 131, an issue in substance the same was passed upon and approved as being free from multifariousness.

■■ Neither do we think that special issue No. 6 is subject to the same objection. In connection with that issue, the jury was told not to answer it unless they had previously found in answer to issue No. 4 that the condition of the track in respect to being defective and unsmooth was such as to cause the train "to swerve with a violent jerk." Having so found in response to issue No. 4, the jury was then asked by issue No. 6 if such condition in the roadbed at the time and place of the accident "was negligence." The jury answered, "Yes." The answer was to an ultimate issue which was neither duplicitous nor multifarious. It was merely the submission of negligence as pleaded. Neither did the issue assume that the track was in an unsmooth and defective condition. The answer to this issue was conditioned upon an affirmative answer to issue No. 4, and in that respect analogous to if not in substance, the same question passed upon by the court in Davis v. Christensen (Tex. Civ. App.) 247 S.

W. 303 (writ refused), wherein it was held that a second special issue conditioned upon an affirmative answer to the first was not objectionable as being upon the weight of the evidence, in that it assumed the facts inquired about in the first question.

Deeming the above issues to be neither multifarious nor duplicitous, the authorities cited by the appellant are not controlling. This disposes of each assignment briefed.

For the reasons assigned, the judgment of the trial court is in all things affirmed. It is so ordered.