## FT. WORTH & D. C. RY. CO. v. JENKINS.

### No. 3651.

Court of Civil Appeals of Texas. Amarillo.
Sept. 23, 1931.

Tatum & Strong and Wilson Cowen, all of Dalhart, for appellant.

J. S. Bailey, of Dalhart, for appellee.

JACKSON, J.

J. G. Jenkins, the plaintiff, instituted this suit in justice court, precinct No. 2, Dallam county, Tex., against the defendant the Fort Worth & Denver City Railway Company, to recover the sum of $100, the asserted market value of his horse alleged to have been killed by the negligence of the defendant, and for the sum of $15 as attorney's fees.

Plaintiff obtained a judgment for $115 in justice court, the defendant appealed the case to the county court, and upon a trial de novo in said court, plaintiff recovered judgment for the value of his horse, determined to be $75, from which judgment the defendant prosecutes this appeal to this court.

In county court the plaintiff filed a written petition, in which he sufficiently pleads a cause of action and alleges that the defendant was guilty of negligence in that its servants in charge of its passenger train at the time and place where the horse was killed, although the view of the track was open and clear, failed to exercise ordinary care to avoid the collision. That the defendant's train was late and to make up time was negligently running at an unusual and terrific rate of speed. That it failed to give any warning of its approach, failed to ring the bell or sound the whistle, all of which was negligence, and by the exercise of reasonable care it could have discovered the horse in time to have avoided the collision by the use of the means at its command, which it negligently failed to do, and that the negligence of the defendant was the proximate cause of the death of the horse and of plaintiff's damages.

The defendant, in county court, filed a written answer, consisting of general demurrer, general denial, and specially pleaded that the horse was killed within the switch limits of its station at the town of Ware and that it was not required or permitted to fence its right of way at such place.

In response to special issues submitted by the court, the jury found, in effect, that the defendant was guilty of negligence in the manner of operating its passenger train; that the market value of the horse was $75; and that a reasonable attorney's fee was $20.

On these findings the court entered judgment for the plaintiff for the sum of $75, with interest at the rate of 6 per cent. per annum from date of the judgment, and denied any recovery for attorney's fees.

268

The court, before submitting any issues to the jury, found that the horse was killed within the switch limits of the town of Ware at a place where the defendant was not required to fence its right of way, and no complaint is made of this action of the court.

The appellant challenges as error the action of the court in refusing to direct a verdict in its behalf, as requested, and for entering judgment against it for any amount, because the testimony was wholly insufficient to warrant the submission of any issue to the jury or to support the findings of the jury on the issues submitted.

■ Under the law, in deference to the jury's findings, we are required to discard the testimony in behalf of the defendant and consider only such testimony as would support the jury's verdict, and we therefore do not feel warranted in sustaining these assignments.

■ The appellant assails as erroneous special issue No. 1 submitted by the court because it submits negligence generally and does not confine the jury to the particular acts of negligence alleged and presented by the testimony, but authorized the jury to find the appellant guilty of negligence on any theory that might occur to them, though such negligence was neither alleged nor proven.

Issue No. 1, to which sufficient objection was made by appellant, reads: "Was the defendant Railway Company negligent in the manner of operating its passenger train at the time and place when and where said horse was killed? You will answer this question 'It was' or 'It was not'."

The written petition filed by the appellee in the county court charges the defendant and its employees with several separate and distinct acts of negligence as a basis for his recovery.

"It is well settled by the authorities in this state that a plaintiff in a case of this character can only recover damages upon some one or more of the acts of negligence alleged in his petition, and, when the case is submitted upon special issues, only the specific acts of negligence alleged in the plaintiff's petition and supported by evidence should be submitted for the jury's consideration." Tyrrell Hardware Co. v. Orgeron (Tex. Civ. App.) 289 S. W. 1040, 1041, and authorities cited.

In Butler v. Herring, 34 S.W.(2d) 307, 308, in an opinion of this court written by Chief Justice Hall, it is said: "The grounds of negligence upon which recovery is sought are: (1) Driving at an excessive rate of speed, alleged to be fifty or fifty-five miles per hour; (2) driving on the left-hand side of Main street; (3) failure to slow down or stop when he approached the intersection."

The court submitted the issue of negligence as follows: "Was the defendant J. Butler guilty of negligence in the operation of his automobile at the time of the collision with the plaintiff's automobile?"

This action of the court was held to be erroneous, because, the plaintiff having alleged several grounds of negligence on the part of defendant as a basis for recovery, it was error to submit the issue of negligence generally instead of submitting the alleged acts of negligence separately.

See, also, Northern Texas Traction Co. v. Singer (Tex. Civ. App.) 34 S.W.(2d) 920; and Kansas City, M. & O. Ry. Co. v. Perry (Tex. Com. App.) 6 S.W.(2d) 111.

This assignment is sustained.

The appellant presents some additional assignments, but as the matters therein presented will probably not arise on another trial, we deem it unnecessary to consider them.

*For the error discussed, the judgment is reversed, and the cause remanded.*