## TRADERS' & GENERAL INS. CO. v. LOW.

### No. 4249.

Court of Civil Appeals of Texas. Amarillo.

June 11, 1934.

Rehearing Denied Sept. 10, 1934.

E. F. Ritchey, of Miami, Will R. Saunders, of Amarillo (Nelson Scurlock and Lightfoot & Robertson, all of Fort Worth, of counsel), for appellant.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for appellee.

JACKSON, Justice.

The appellee, A. J. Low, instituted this suit in the district court of Hutchinson county against appellant, Traders' & General Insurance Company, to set aside the decision of the Industrial Accident Board awarding him unsatisfactory compensation for injuries he claims to have sustained while employed by J. M. Huber Company of Louisiana, Inc., which he alleged carried compensation insurance for its employees with appellant.

Appellee pleads the jurisdictional facts, and alleges that on March 30, 1932, while in the course of his employment, carbon black

and other foreign substance blew into and filled his eyes.

"That as a direct and proximate result of said alleged accident plaintiff sustained irritated, inflamed, infected, and ulcerated eyes with ,respect to the various component parts of both eyes. He was greatly shocked throughout his entire central nervous system.

"That as a further result of said accident the vision in both eyes was greatly impaired and practically destroyed and he specially complains of traumatic neurosis, traumatic neuritis, traumatic hysteria, practical loss of vision, extreme nervousness, loss of appetite, weight, vitality, and the normal function of his mind and body, headaches, dyspnea, lassitude, head and eye pains, constant blinking, rhythmical shaking of his head, tremor, and of irritation, infection, atrophy, and inflammation of the various parts and organs, particularly the nerves; of both eyes, all as results of the said alleged accident."

The appellant answered by general denial, and pleaded that the injuries alleged for which appellee claims compensation were feigned; that, if not, they were due either to numerous prior injuries for which appellee had collected damages and compensation, or to the unnecessary and voluntary use of drugs in his eyes for the purpose of dilating the pupils so as to cause physicians to believe he had in fact sustained the loss of vision either in whole or in part.

The jury answered all of the special issues submitted in the charge of the court and the special charges given in behalf of appellee, and, on the finding that he was totally incapacitated from the injury received for a period of 325 weeks, judgment was rendered that he recover from appellant $4,501.25, payable $1,108 in a lump sum and the remainder in weekly installments of $13.95.

Appellant challenges as erroneous issue No. 1 as submitted by the court because it does not limit the injuries received by appellee on March 30, 1932, to the injuries alleged in his petition.

The issue complained of reads as follows: "Do you find from the preponderance of the evidence that the plaintiff A. J. Low sustained any personal injury on the 30th day of March, 1932?" This the jury answered in the affirmative.

It will be noted that the petition alleges that the injuries were caused accidentally by carbon black and other foreign substance blowing into and filling the appellee's eyes; that all the general injuries of which he complains were caused thereby and all the in-

capacity for which he seeks compensation resulted therefrom.

Appellant requested and complains of the refusal of the court to submit its special issue No. 20, which is: "Do you find from a preponderance of the evidence that the plaintiff A. J. Low, suffered total incapacity to work as a result of getting carbon black and other foreign substances in his eyes on March 30, 1932?"

The appellee testified that, after the carbon black or foreign substance got into his eyes, he went to the machine shop, a distance of 150 or 200 yards, where he found the machine foreman who looked in his eyes, burned a match and cleaned out his eyes with it; that he raked in his eyes with a match, both of them. The appellee placed on the stand Dr. J. W. Head, a specialist in the treatment of the eye, ear, nose, and throat, who examined and treated appellee's eyes a few days after the injury, examined and treated the eyes later, and examined appellee's eyes just a day or two before he was on the stand, who testified that he attributed appellee's loss of vision to infection of the eyes, that the infection was caused from ulcers, and that he believed the ulcers were caused by some inexperienced man gouging around in the eyes and trying to remove some foreign substance therefrom.

■ Issues submitted in such general language that permits the jury to find that the appellee sustained injuries which were not alleged, but upon which there is testimony, constitute reversible error. New Amsterdam Casualty Co. v. Rutherford et ux. (Tex. Civ. App.) 26 S.W.(2d) 377.

■ It is elementary that a plaintiff can recover only upon the cause of action which he alleges. Ft. Worth & Denver City Ry. Co. v. Jenkins (Tex. Civ. App.) 42 S.W.(2d) 267, and authorities cited. See, also, Safety First Bus Co. v. Skibinski et al. (Tex. Civ. App.) 36 S.W.(2d) 288.

■ If special issue No. 20 requested was defective in form, it was, nevertheless, sufficient to call the court's attention to the submission of a correct issue limiting the injury sustained to those alleged in the petition. Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820.

The testimony is undisputed that carbon black getting into the eyes causes no permanent injury thereto. The conclusion that a foreign substance, iron sulphide, got into appellee's eyes, is inferred from the circumstances, and the jury could have found under the testimony that the injury was caused by

raking and gouging in appellee's eyes with a match, and, if they had so found, appellee would not be entitled to recover under his pleading.

The appellant presents as error the action of the trial court in refusing to sustain its plea in abatement or continue the cause until the appellee had complied with the order of the court directing him to submit to the observation of, and an examination by, Dr. Don S. Marsalis, for such time as was necessary, in the opinion of the doctor, for him to complete such examination and observation.

The record discloses that appellant contended that appellee was voluntarily and unnecessarily using drugs in his eyes for the purpose of causing the pupils thereof to be dilated and inducing physicians to believe he had sustained the loss of his vision by virtue of getting carbon black or some other foreign substance in his eyes as alleged.

■ We deem it sufficient to say that article 8307, § 4, R. C. S., as amended by Acts 1931, c. 102, § 1 (Vernon's Ann. Civ. St. art. 8307, § 4) provides, in substance, that appellant should have the privilege of having appellee examined by a physician of its own selection at reasonable times and at a suitable place accessible to appellee. This, we think, implies that the physician should have reasonable time to make such a complete medical examination as was necessary to enable him to reach a conclusion. A denial of this statutory right would doubtless constitute reversible error.

The appellant has not stated under this proposition the testimony relied on to show that it was denied such right. The statement of facts on the plea in abatement consists of 65 pages. The statement of facts on the merits consists of 1,095 pages. We do not feel called upon to search the record to determine whether the testimony supports appellant's contention.

Appellant presents as error the action of the court in refusing to permit certain witnesses to testify on account of their appearance caused by having carbon black on their clothes, hands, and faces, and in refusing to direct a verdict in its behalf, because the proof of the issuance of the policy relied on was offered before the court only and not introduced in evidence before the jury.

It is unnecessary to discuss these assignments, for the reason that they can readily be eliminated on another trial.

The judgment is reversed, and the cause remanded.