### SOUTHERN UNDERWRITERS et al. v. WRIGHT.

No. 14094.

Court of Civil Appeals of Texas. Fort Worth.

May 24, 1940.

Rehearing Denied July 12, 1940.

Will R. Saunders and Claude Williams, both of Dallas, for plaintiffs in error.

Nolan Queen, of Weatherford, for defendant in error.

DUNKLIN, Chief Justice.

This suit involves a claim for compensation under provisions of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.

Frank R. Wright filed with the Industrial Accident Board his claim for compensation for disability, resulting from injuries he alleged he received in the course of his employment by the Standard Paving Company, a carrier of insurance with the Southern Underwriters, which was assumed by the United Employers Casualty Company. That claim was heard by the Board in the due course of all statutory requirements pertaining thereto, and Wright was awarded compensation to be paid by the Insurance Companies in the sum of $11.08 per week for a period not exceeding 20 consecutive weeks. From that award Wright prosecuted his appeal, in statutory form, to the District Court, in which he recovered a judgment against the two insurance companies, jointly and severally, for compensation for a period of 401 weeks, at the rate of $9.60 per week. From that judgment the two insurance companies have brought the case to this court by writ of error.

For convenience the parties will be designated here as in the trial court, viz., Frank R. Wright as plaintiff, and the two insurance companies as defendants.

By their first four propositions, defendants complain of error in the refusal of the court to grant their motion for an instructed verdict in their favor, by reason

of alleged failure of plaintiff to introduce proof of the issuance by defendants of the insurance policy, as alleged by plaintiff, and on which his suit was predicated.

■ The record shows that after the jury was empaneled, counsel for plaintiff, in the absence of the jury, introduced in evidence before the trial judge a duly certified transcript of all the documents and proceedings of record pertaining to the claim made by Wright before the Industrial Accident Board; and the same was offered and admitted by the court "for all purposes" without objection from defendants to its admission out of hearing of the jury, but was never read in evidence before the jury. There were ten of those documents, including all those required by the statutes to confer jurisdiction in the Industrial Accident Board to pass on plaintiff's claim for compensation, including a photostatic copy of the policy of reinsurance as between the two defendant insurance companies. All those records were duly certified by the Secretary of the Board, and in the absence of a verified plea of denial by defendants, they constituted prima facie proof of all facts stated therein, including issuance of the policies by defendants, under provisions of Art. 8307, sec. 5 and Art. 8307b, as amended by the 45th Legislature, § 2, Chapter 261, Vernon's Ann.Civ.St. It is a matter of no importance that such proof was not read to the jury, since their admissibility and weight to be given the same as evidence were questions exclusively to be determined by the court as questions of law, and not by the jury. Traders & General Ins. Co. v. Jaques, Tex.Civ.App., 131 S.W.2d 133, writ dismissed, correct judgment.

Decisions are cited by defendants, such as Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449, Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 87 S.W.2d 503, to the effect that evidence showing issuance of policies of insurance to an employer, introduced "for jurisdictional purposes only", was insufficient to discharge the claimants' burden to prove the issuance by the insurance companies of the policies under which compensation was claimed. But those decisions are not in point here for the reason that the proof in question in this case was admitted "for all purposes", and not for the restricted purpose of only showing jurisdiction of the district court to determine the merits of Wright's claim.

Special issue No. 1, submitted by the court in the instant case, with the finding of the jury thereon, reads: "Do you find from a preponderance of the evidence that the plaintiff, Frank R. Wright, sustained a personal injury, as that term is hereinbefore defined, on the 8th day of June, 1938? Answer: Yes."

Defendants objected to that issue on the ground that it was too general and speculative and does not confine the jury to a consideration of the character of injury or injuries pleaded and relied on by the plaintiff for a recovery; and error is assigned to the action of the court in overruling that objection.

In plaintiff's petition it was alleged that while standing on the top of a large truck loaded with cement sacks weighing one hundred pounds, he bent over and lifted one of the sacks from a level below the level of the one of which he was standing, and in so doing he strained and injured the muscles and tendons of his back and legs, as a result of which he has been totally and permanently incapacitated to perform the usual tasks of a workman. There were further allegations of several specific injuries resulting from the strain, such as partial dislocation of the third, fourth and fifth lumbar vertebrae of the spinal column, which caused paralysis of his legs and feet, etc., all alleged in much detail.

Plaintiff testified that while engaged in performance of his work he bent over to lift a sack of cement from a point below the level of his feet, and in making that lift:

"A. Something caught in my back or hip and I had hard pains.

"Q. Where were the pains at the time? A. Just below my belt line in my backbone.

"Q. How high did you have the sack when that happened? A. I judge I lifted it about six inches when that catch came in my back.

"Q. When that catch came in your back did you feel any pain at that time? A. Yes, a very hard pain.

"Q. What did you do? A. I fell over.

"Q. Did you lay down or fall? A. I fell.

"Q. Why did you fall? A. From the pain in by back I couldn't stand up.

"Q. Why didn't you stand? A. My back was hurting in here and in my hips,

and my legs were paralyzed and felt numb. I didn't have any use for my legs.

"Q. Did you try to stand on your legs? A. Yes.

"Q. Could you use your legs? A. No."

And further that he had lost about 32 pounds in weight; is unable now to sleep; still suffers pain; and his legs are now partially paralyzed. On cross examination by defendants, he further testified that his kidneys were affected since the accident, and that statement was admitted over objection of counsel for plaintiff that injury to his kidneys was not alleged in his pleadings. According to his further testimony, he still suffers pain in his back, legs, hips and kidneys, by reason of all of which he is now unable to work; and he never had any of those pains or injuries before the accident.

Dr. Roan, a witness for plaintiff, testified that he had examined plaintiff eight or ten times since his alleged accident, and found a partial paralysis of his legs and feet; evidences of a traumatic injury to his spinal cord and nerves leading therefrom, mostly in the lumbar region of the cord and back, and ankylosis of the spinal vertebrae—all of which, in his opinion, was caused by traumatic injury; and in his opinion plaintiff is now suffering from partial paralysis.

Dr. Roan's testimony was corroborated in the main by the testimony of Drs. Fyke and McNelly, introduced by plaintiff, who likewise examined plaintiff, and Dr. McNelly testified further that ankylosis, evidence of which he found, was a permanent condition which incapacitates a laboring man from performing the usual tasks of a workman.

But two other physicians, Drs. Webb and Trigg, witnesses for defendants, who examined the plaintiff, testified they did not find evidences of these conditions testified by plaintiff's doctor witnesses. Dr. Trigg's examination was in August, 1938, and Dr. Webb's examination on November 28th, 1938.

■ In defendants' briefs filed here in support of their objections to issue No. 1, the point is stressed that there was no evidence to prove several of the resulting injuries specified in plaintiff's petition, and that statement from the record will be accepted as correct in the absence of challenge, by plaintiff. Rule No. 31 for Courts of Civil Appeals.

■ But since issue No. 1 was not objected to on that ground, defendants have waived the right to urge it here. Article 2185, Vernon's Ann.Civ.St. And for the further reason the injuries so specified were alleged as the results of the injuries for which compensation was sought and not the primary injuries themselves, as hereinafter pointed out.

■ The further ground of objection that issue No. 1 was vague and indefinite and permitted the jury to indulge in speculation and take into consideration other injuries not alleged, was meritorious and the assignment to issue No. 1, based on that ground, is sustained. Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972, error dismissed, correct judgment; Casualty Underwriters v. Lemons, Tex.Civ.App., 114 S.W.2d 333; Security Mutual Casualty Co. v. Bolton, Tex.Civ. App., 84 S.W.2d 552; Southern Underwriters v. West, Tex.Civ.App., 126 S.W.2d 510, writ refused; Fidelity & Casualty Co. v. Van Arsdale, Tex.Civ.App., 108 S.W.2d 550, error dismissed; Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153; New Amsterdam Casualty Co. v. Rutherford, Tex.Civ.App., 26 S.W.2d 377, error dismissed; Gamer v. Winchester, Tex.Civ.App., 110 S.W.2d 1190, error dismissed; Texas Indemnity Ins. Co. v. Pemberton, Tex.Civ.App., 9 S.W.2d 65; Traders' & Gen. Ins. Co. v. Low, Tex.Civ.App., 74 S.W.2d 122, writ refused; Texas Employers Ins. Ass'n v. Pierson, Tex.Civ.App., 135 S.W.2d 550; Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S.W.2d 291; Traders' & Gen. Ins. Co. v. Watson, Tex. Civ.App., 131 S.W.2d 1103, error dismissed, correct judgment; San Antonio Amusement Co. v. Easterling, Tex.Civ.App., 71 S.W.2d 350, error dismissed.

■ In view of another trial, we deem it proper to add that the injuries that should have been designated in issue No. 1 as the ones plaintiff had the burden of proving, were injuries alleged in his petition as injuries to the muscles and tendons in his back, and legs. The allegations of specific injuries to the spine and other portions of plaintiff's anatomy should be construed as allegations that as a result of the primary injuries designated above, plaintiff was incapacitated to perform the usual tasks of a workman, and it was not the duty of the court to include them in issue No. 1, as the injuries which plaintiff was required to

prove as a basis for recovery, as insisted by defendants in their briefs filed here.

In answer to several special issues, the jury found that plaintiff had suffered total permanent incapacity to work; and since answer to special issue No. 12 was a specific finding that such incapacity was not partial, there is no merit in defendants' complaint that since they had specially pleaded that if plaintiff sustained injuries alleged, incapacity, if any, resulting therefrom was partial only and not total, they were entitled to an affirmative submission of that defense.

Since the judgment must be reversed for the error in submitting issue No. 1, pointed out above, it is unnecessary to determine the merits of another assignment to alleged improper argument to the jury by plaintiff's counsel, which may not occur on another trial.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.