## SOUTHERN UNDERWRITERS v. BLAIR.

### No. 14125.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 25, 1940.

Will R. Saunders, of Dallas, Stinchcomb, Kenley & Sharp, of Longview, and Claude Williams, of Dallas, for plaintiff in error.

Gullett & Gullett, of Denison, and Webb & Webb, of Sherman, for defendant in error.

SPEER, Justice.

This is a workman's compensation case, instituted by Robert Blair, as plaintiff, against the Southern Underwriters, as defendant, for accidental personal injuries sustained while in the employ of Stroud Cable Tool Drilling Company, a subscriber to workmen's compensation insurance. In this discussion the parties will carry the same designation as they did in the trial court.

The suit is predicated upon injuries alleged to have been sustained by plaintiff when an open air explosion occurred. Gas had escaped and accumulated around a well where plaintiff was working, and from some unexplained reason it became ignited and he was burned. In view of the points raised by this appeal, we deem it wise to quote the following paragraph of plaintiff's petition:

"That plaintiff received burns of various degrees, second and third degrees about the arms, face, back and portions of the body. That his vision is interfered with, and he has pains throughout various portions of his body. He received injuries to his nervous system, and has feelings of constriction around his chest, pains in the area of his chest and other parts of his body. That his entire nervous system and each part thereof, is injured, and each and every organ of his body is injured, his sight, his eyes and his hearing. That degeneration is progressive. That each and all said injuries are permanent."

There were allegations that because of the injuries sustained plaintiff was totally and permanently incapacitated to perform labor as contemplated by the Workmen's Compensation Act. Alternatively he pleaded: "Plaintiff alleges that he has suffered by reason of said injuries total temporary incapacity to labor; total temporary and partial permanent; permanent partial incapacity to labor and temporary partial incapacity to labor."

Defendant answered by general demurrer, which was overruled without complaint by it, and by general denial.

Trial was had to a jury on special issues. The verdict was favorable to plaintiff.

Judgment was entered for plaintiff for the maximum weekly compensation provided by law for a given number of weeks, which recovery was for less than total permanent disability. A credit was allowed for the sums paid by defendant for fifteen weeks prior to suit. Motion for new trial was overruled and defendant appealed to the Texarkana Court of Civil Appeals. An equalization order by the Supreme Court places the appeal before us.

■ First and second assignments of error complain of the first special issue. The assignments are supported by timely objections to the issue as framed, and by reasons assigned in the motion for new trial.

The special issue No. 1 complained of reads: "Do you find from a preponderance of the evidence that the plaintiff, Robert Blair, sustained an injury to his body on or about the 24th day of October, 1937?" The answer was: "Yes."

The objection urged to the issue before it was given is, in substance, that it is too vague, indefinite, uncertain and all-inclusive; that it does not confine the jury's consideration to the injuries pleaded and upon which there is proof; that the issue does not limit the jury to a consideration of injuries pleaded by plaintiff upon which testimony was offered; that is, the plaintiff pleaded separately, injuries to various portions of his body, there being evidence to support allegations referring to some of those pleaded, but there was no testimony in support of others. In connection with the objections to the charge, as urged, the court was requested to submit an issue inquiring about the injuries pleaded and which had some evidence to support them, in lieu of the one given.

Plaintiff testified that he was burned, when the gas ignited; that he became unconscious immediately and was taken to a hospital; that when he regained consciousness at the hospital they put tannic acid on his face, neck, chest, arms and legs; when asked if they put the acid on his legs, he said: "Yes, sir. Everywhere I was burned."

By that part of the petition above quoted it will be observed that he alleged second degree burns "about the arms, face, back and portions of the body." He did not testify about burns to the back and there were no allegations of burns on the neck, chest and legs, about which he did testify.

Much of the record is taken up with testimony concerning matters that may properly be termed the results of the burns received. It is contended that these results and effects were contributed to by the burns to his neck, chest and legs, which were not mentioned in the petition. Some of the results of his injuries are shown to be, pains in his head, nervousness, cold extremities, perspiring hands and feet, without cause other than the injuries, partial loss of vision and hearing, pains in his stomach, indigestion, loss of appetite, dizziness, loss of much weight, inability to balance himself when attempting to walk or to stoop over; a lack of co-ordination; that since his injuries he has spells of depression in spirit and of fear. Other witnesses testified to his personal appearance at the time of trial as compared to what it was before the injury; that he was emaciated, had the appearance of having lost much weight, was pale and sallow, whereas he was ruddy, strong and had a good complexion prior to the injury. That after the injury his legs were crooked; that he was suffering from neurosis as a result of the shock.

The jury had all of this testimony and much more not mentioned by us, from which to make up their verdict in answering the issues submitted.

It is fundamentally true that under Article 2211, Vernon's Ann.Civ.St., the judgment of the court must conform to the pleadings, the nature of the case proved and the verdict of the jury, if any. The objections made to the issue, wherein it was complained that it was too general, was not limited to the injuries alleged to have been sustained and upon which testimony was offered, but gave the jury an opportunity to consider evidence of other burns and injuries not alleged, together with the effects and results thereof, were amply sufficient to point out the vice in the special issue and to support the assignments of error under consideration. Moreover, as we have stated above, defendant asked the court to give, in lieu of the offending issue, one which would limit the jury's consideration, and to some extent remove the things objected to by it. The nature of the injuries pleaded, upon which testimony was offered, should have been incorporated in the issue at least in a general way, so that the jury would not become confused as to the specific matter which constitutes the basis of their proper deliberations and would prevent them from in-

corporating in their verdict a recovery for an item which was pleaded, yet upon which no testimony was offered. Texas Employers' Ins. Ass'n v. Pierson, Tex.Civ.App., 135 S.W.2d 550.

We find no pleadings upon which to base the evidence of cold extremities and perspiration without exertion; of stomach trouble; of spells of depressed spirit and fear; of crooked legs resulting from the burns; of neurosis from the shock received, nor of loss of weight or appetite, nor of irregular blood pressure and subnormal temperature. These and other things were testified to upon the trial without foundation in the pleadings.

The liberal rule of construction enjoined upon our courts, when the Workmen's Compensation Act is involved, cannot be extended so as to embrace all other well defined rules of evidence and pleading. To do so would establish an intolerable chaotic condition in our jurisprudence. Recovery of compensation is purely by virtue of the statutes known as the Workmen's Compensation Act. Articles 8306 et seq., R.C.S., Vernon's Ann.Civ.St. art. 8306 et seq. The provisions of that Act are to be liberally construed, yet each condition therein set out must be followed to mature a claim for enforcement by the courts. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Federal Surety Co. v. Jetton, Tex. Com.App., 44 S.W.2d 923; Traders & General Insurance Co. v. Lincecum, Tex.Civ. App., 126 S.W.2d 692.

What we have said should not be construed to mean that evidence of results flowing from the alleged injuries sustained should not be admitted when there is pleading to support it. This is true for the reason the results and effects of injuries sustained become very material in determining the degree of incapacity to labor sustained by an injured employee. We mean here to hold only that a plaintiff must plead sufficient facts as a basis for the introduction of testimony relied upon for a recovery; and that a special issue when submitted must find support both in the pleading and evidence before a verdict can be based upon it.

The form of the special issue complained of in this case has been condemned by our courts many times, when the facts are like those developed in this case. New Amsterdam Casualty Co. v. Rutherford, Tex.Civ. App., 26 S.W.2d 377; Traders' & General Ins. Co. v. Low, Tex.Civ.App., 74 S.W.2d 122, writ refused; Security Mutual Casualty Co. v. Bolton, Tex.Civ.App., 84 S.W.2d 552; Fidelity & Casualty Co. of New York v. Van Arsdale, Tex.Civ.App., 108 S.W.2d 550, writ dismissed; Gamer v. Winchester, Tex.Civ.App., 110 S.W.2d 1190, writ dismissed; Casualty Underwriters v. Lemons, Tex.Civ.App., 114 S.W.2d 333; Southern Underwriters v. West, Tex.Civ.App., 126 S.W.2d 510, writ refused; Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972, writ dismissed, correct judgment; Traders & General Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103, writ dismissed, correct judgment; Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S.W.2d 291, writ dismissed, correct judgment; Texas Employers' Ins. Ass'n v. Pierson, Tex.Civ.App., 135 S.W.2d 550; Texas Employers' Ins. Ass'n v. Watkins, Tex.Civ.App., 135 S.W.2d 296; Southern Underwriters v. Wright, Tex.Civ.App., 142 S.W.2d 297.

For cases in which the issue here complained of has been approved, plaintiff cites us to Southern Underwriters v. Kelly, Tex. Civ.App., 110 S.W.2d 153, writ dismissed; Southern Underwriters v. Parker, Tex.Civ. App., 129 S.W.2d 738, writ dismissed; Southern Underwriters v. Thomas, Tex. Civ.App., 131 S.W.2d 409, writ dismissed, correct judgment; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631, writ dismissed, correct judgment.

We have carefully read the above authorities, and if we properly understand the points decided, they are not in conflict with those cited by us.

In the Kelly case, supra, the action was for a single injury sustained to the back; there being no more than one injury plead and no evidence of any other proved, there was no chance for the jury to be confused or misled by the issue submitted, which was similar to one here under consideration.

The Parker case, supra [129 S.W.2d 740], involved a multiple of alleged injuries, to his eyes, nose, throat and respiratory organs, by the inhalation of poisonous gas. The issue submitted and attacked was like the one involved in the present case. It was held that no error was presented and in reasoning upon the point, the court said: "There is no complaint that any evidence was introduced of an injury not supported by the pleading, nor of any injury other than those sustained on April 18, 1937. * * * There was no evidence of any injury not alleged."

The Jackson case, supra, involved a similar issue to the one before us against which objections and exceptions were overruled by the trial court. The opinion does not indicate that it was contended evidence was adduced upon facts not alleged, nor that any of the alleged facts were not proved. The court held that on authority of the Kelly and Parker cases, supra, the assigned error was overruled. We take it that the facts were substantially the same as the two cases relied upon, and above discussed by us.

The Thomas case, supra, involved an injury to an employee when part of a drilling machine broke; a portion of the machinery struck plaintiff and cut a place on his head, fractured his shoulder blade and bruised his left side. The court submitted an issue inquiring whether or not plaintiff sustained personal injuries in Orange County, Texas, on a named date; this question was followed by inquiries of whether or not such injuries were sustained in the course of his employment and whether or not they were accidental. The exceptions and objections to the first issue were based upon the theory that it was too general, vague and did not confine the jury to a consideration of those injuries alleged and upon which testimony was offered. There was a plea by plaintiff that his skull was fractured by the blow on his head, but no testimony was offered in support of that allegation. The Appellate Court overruled the assignment of error and gave as a reason for its holding that appellee (insurance carrier), "requested a number of special issues, several of which were given, inquiring in the same general terms as to plaintiff's 'injuries' and 'disabilities' without limiting them in any way to matters plead and proved. It [the carrier] is, therefore, not in position to urge error against other issues given by the court, in the same form. 3 Tex.Jur. 1033; American Mutual Liability Ins. Co. v. Thomas, Tex.Civ.App., 35 S. W.2d 232; Millers' Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963." [131 S.W.2d 411.] The court in the case quoted from recognized in the opinion the cases holding to the contrary, but stated there may have been facts involved in those cases which justified the holding; nevertheless the court expressed its own opinion under the facts before it, as being sufficient to justify overruling the contention of appellant.

As indicated by us, there is a clear distinction between the facts involved in the cases cited and relied upon by plaintiff (appellee here) and those which we have cited in support of our conclusions that there was reversible error shown in the special issue complained of in this case.

Defendant's third assignment of error complains of the submission of Special Issue No. 18, conditioned upon the answer given to No. 17. Plaintiff counters with the propositions that (1) defendant did not plead any matter that would entitle it to an affirmative submission of the issue, and (2) the court having failed to charge or submit an issue upon the point involved, defendant cannot be heard to complain, since it did not prepare and request the giving of a correct issue.

Some of the medical testimony adduced, clearly indicated that plaintiff was suffering with neurosis, a condition of the mind produced by nervous shock. On cross examination plaintiff testified that he had received, some months before the date of the injuries complained of, an electrical shock by coming in contact with a live wire; that he was rendered unconscious, was taken to a hospital, where he remained four or five days, although not confined to his bed all that time, and that he was unable to work for four or five weeks after receiving the shock. A physician who testified at plaintiff's instance said that such a shock as that testified to by plaintiff, that disabled him from work four or five weeks, might produce the same condition that he found plaintiff in at the time of trial, and that in all probability it would do it. Doctors Mays and Watkins, introduced by defendant, testified to the same.

Special Issue No. 17 was:

"Do you find from a preponderance of the evidence that the disability of plaintiff, if any, after October 24th, 1937, was not caused solely by an electrical shock sustained by the plaintiff in March, 1937?"

"If you find from a preponderance of the evidence that the disability, if any, of the plaintiff was not caused solely by said shock, let the form of your answer be: 'Disability, if any, is not caused by said shock'; otherwise you will answer: 'Disability, if any, is caused by said shock.'" The answer was: "Disability, if any, was not caused by said shock."

"If you have answered Special Issue No. 17, 'Disability, if any, is caused by said

shock', then answer the following issue, but if you have answered, 'Disability, if any, is not caused by said shock', then you need not answer the following issue:

"Special Issue No. 18. Do you find from a preponderance of the evidence that the disability of the plaintiff, if any, is not caused partially by an electrical shock, received by plaintiff in March, 1937?"

Special Issue No. 17 being answered as it was, and with such conditional submission of Issue No. 18, no answer was required and none was given.

Under Article 8306, section 12c, Vernon's Ann.Civ.St., it is provided: "If an employé who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employé had there been no previous injury."

■ The general denial of defendant in this case put in issue all of the material allegations of plaintiff's petition, and was sufficient to entitle defendant, as carrier of compensation insurance, to prove and have submitted to the jury any defensive matter that tended to defeat the claimant's cause of action, or to show that the disabilities claimed by plaintiff originated in other causes. 45 Tex.Jur., sect. 294, pp. 808 and 809.

■ Under the answer and the testimony referred to above, defendant was entitled to have this defensive matter submitted to the jury, unconditioned upon an answer that should be given to Special Issue No. 17. It will be observed that by Issue 17, inquiry was made if the electrical shock received in March, 1937, was the *sole* cause of plaintiff's disability. By its answer, the jury said it was not. Because of that answer the jury was told not to answer Issue No. 18, which inquired if the electrical shock did not *partially* cause the disability of plaintiff. If there had been a finding that disability was *partially* caused by the electrical shock, defendant would only have been liable to compensate plaintiff for such amount as resulted from the subsequent injury sued for in this case. Worded as the two issues were, it would have been difficult for the jury to have given contradictory answers. The answer made to Issue No. 17, by no means meant

that the shock did not *partially* cause plaintiff's disability.

■ Plaintiff's contention that because defendant failed to prepare and request the giving of a proper issue, it cannot complain at this time because none was given by the court, is unsound and not applicable to the situation before us. We have seen that the court in fact did prepare and submit the issue of whether or not the previous injury partially contributed to plaintiff's present disability, but as shown it was required to be answered only if Issue No. 17 was answered in a specified way. The Supreme Court has decided the question against plaintiff's contention. In Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183, cited by plaintiff, it is held that where the trial court has attempted to submit an issue but does it defectively or erroneously, then an objection and exception to the submission is sufficient to preserve the point without preparing a proper charge and a request that it be given. Three other cases cited by plaintiff in support of his counter proposition are based upon the holding in the Conley case, supra, and adhere strictly to the rule there announced.

■ It is now no longer debatable that each party to a lawsuit in this state is entitled to have submitted to the jury all fact issues supported by pleadings and testimony, which affect one's right of recovery or of the other's defense. The point was definitely settled by our Supreme Court in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517. Other Supreme Court decisions to the same effect and applied to workmen's compensation cases are: Texas Employers' Ins. Ass'n v. Phillips, 130 Tex. 182, 107 S. W.2d 991; Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S. W.2d 340. See also 41 Tex.Jur., sect. 280, p. 1116, and cases cited. The error complained of is sustained.

■ Assignments of error five and six complain of the action of the court in permitting plaintiff to file a trial amendment and in not permitting defendant to withdraw its announcement of ready and a postponement of the trial. These are matters addressed to the sound discretion of the trial court and absent a showing of an abuse of that discretion we are not called

upon to review it. In any event, since the case must be reversed for the reasons before set out, these assignments become unimportant.

Assignments of error seven and eight challenge the action of the trial court in refusing to submit defendant's two requested issues concerning the evidence given by Doctors Pierce and Mays, who testified at the instance of plaintiff. Each of the doctors testified that when they made examinations of plaintiff they took a history of his case from him; their testimony was in response to hypothetical questions propounded. Dr. Pierce said some of the conclusions reached by him in his diagnosis were based upon the subjective symptoms. The court instructed the jury not to consider any expert testimony by a physician based on subjective symptoms.

Defendant requested the court to submit a special issue relative to the testimony of each of the doctors, which, in effect, inquired if the jury found from a preponderance of the evidence that the doctors did not take into consideration the subjective symptoms of plaintiff in arriving at an answer to the hypothetical questions propounded to them by plaintiff's counsel.

We think there was no error in refusing to give the requested charge. The qualifications of an expert witness and the nature of the testimony he is permitted to give are governed and controlled by the court, under well settled rules of procedure. Montgomery Ward & Co., Inc. v. Levy, Tex.Civ. App., 136 S.W.2d 663, writ denied, correct judgment. After hearing the doctors testify and having been examined by defendant's counsel with regard to what they considered in giving their respective answers, the court permitted their testimony to go to the jury. It was not a proper subject for the jury to determine whether or not the expert witnesses had testified to facts which would render their opinions inadmissible. It is the generally recognized rule in this state that a physician who testifies as an expert must base his opinion upon certain things, some of which are, his own knowledge obtained by physical examination and treatment of the patient, facts proved upon a trial and related to him in the form of hypothetical questions and he may give his professional opinion, based upon both his own observations and evidence adduced at the trial. He may not base an opinion as an expert either in whole or in part upon subjective symptoms found,

they being the things told him by the patient, while being examined by a physician for the purpose of testifying as an expert witness. Such things are no less hearsay when they come from a doctor than if from a layman. 17 Tex.Jur., sect. 245, p. 588, and cases cited. See also Republic Underwriters v. Lewis, Tex.Civ.App., 106 S.W.2d 1113, and Traders & General Ins. Co. v. Chancellor, Tex.Civ.App., 105 S.W. 2d 720, writ dismissed, correct judgment, and authorities collated there.

For the reasons shown, we are sustaining assignments of error one, two and three; others are overruled. In view of these conclusions, the judgment of the trial court is reversed and the cause is remanded for another trial. It is accordingly so ordered.